## No. 10,534.

### LEVEN *v.* LOLCAMA.

Decided December 18, 1922.

Action for damages.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   APPEAL AND ERROR—*Evidence—Exhibits.* Where the admission of an exhibit in evidence was not prejudicial to the objecting party, reversible error cannot be predicated thereon.

2.   PRINCIPAL AND AGENT—*Neglect of Agent to Follow Instructions—Damages.* In an action for damages by a principal against his agent, for failure to follow instructions, the contention that there was no evidence of damage, is overruled.

*Error to the County Court of El Paso County, Hon. C. H. Dudley, Judge.*

Mr. C. W. DOLPH, for plaintiff in error.

Mr. W. M. SWIFT, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a principal against an agent to recover damages for disobedience of instructions.   The case

was originally instituted in a justice court, where plaintiff recovered a judgment for $300 and costs. The case was appealed to the county court where, after a trial to a jury, the plaintiff again prevailed, recovering the same amount and costs. The defendant has sued out this writ of error, and the cause is before us on his application for a supersedeas.

On or about February 4, 1922, the plaintiff, being then the owner of the equipment in a garage, sold the equipment to one W. H. Mace for $576, $100 of which was to be paid in cash, and the balance, $476, to be secured by a chattel mortgage on the property sold. Plaintiff employed the defendant to prepare the necessary papers, instructing him to secure from Mace a first mortgage, and this the defendant agreed to do. Instead of following these instructions, the defendant permitted Mace to give a first mortgage to one O. E. Crispell, and prepared and secured from Mace a second chattel mortgage in favor of plaintiff. It resulted from this situation that plaintiff had, in effect, no security at all. The property mortgaged was taken to satisfy the first mortgage. Thereafter plaintiff brought this action to recover damages for defendant's failure or neglect to procure for plaintiff a first mortgage.

There is a sharp conflict in the evidence upon the fact or issue of agency and the matter of the agent's duties, but since the issues were found in favor of plaintiff, the facts will be deemed to be as hereinbefore stated. Two propositions only are argued on this application for a supersedeas. One is that the court erred in admitting in evidence plaintiff's Exhibit D. This consists of a notice sent to plaintiff by the prior mortgagee, O. E. Crispell, notifying him that the property will be sold to satisfy the first mortgage. The plaintiff was entitled to show that he lost his security by reason of the existence and foreclosure of a prior chattel mortgage. In the light of this fact, we find nothing in the Crispell notice which would make its admission in evidence a prejudicial error, irrespective of whether the notice was technically admissible.

The other remaining proposition argued, and the one principally relied on, is that there is no evidence of damages sustained by plaintiff below. We agree with the authorities cited, namely, 2 C. J. 715, and Id. 720, to the effect that the measure of damages is the loss actually sustained. The plaintiff showed the loss of the security of a first chattel mortgage. Prima facie this was evidence of a loss equivalent to the amount of the security, not exceeding the amount of the debt. In the instant case such amount was in excess of the amount sued for and recovered. Cases somewhat analogous to this one are referred to in the text in 2 C. J. 720, section 380, and 2 C. J. 734, section 400. Thus if an agent fails to collect a claim, the injury is prima facie the amount of the claim. The agent may then show, on his own behalf, that the principal has not been damaged to this extent or has sustained only nominal damages. In the instant case the defendant did not, at least so far as we are advised by the briefs, introduce any evidence in mitigation of damages. He relies, in this connection, only on plaintiff's admission that Mace's note was not worthless, but the jury was not bound from that admission to conclude that the damages were reduced below $300, the amount of the verdict. The security actually lost amounted to $476.

There is no error in the record. The application for a supersedeas is denied, and the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.